# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-01015-KDB-WCM

EBONY SHERISSE LUCAS,

    **Plaintiff,**

    **v.**

CHARLES W. SCHARF;
WELLS FARGO BANK, N.A.;
AND ELLEN R. PATTERSON,

    **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

    **THIS MATTER** is before the Court on its own motion. Plaintiff sued Defendants in state court for (1) overcharging her interest in violation of the Truth in Savings Act ("TISA"), (2) misapplying fees to her account in violation of TISA and North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), (3) violating the Electronic Fund Transfer Act ("EFTA"), and (4) withdrawing funds from a savings account in violation of the EFTA. (Doc. No. 1-1 at 2–3). Defendants removed Plaintiff's complaint to this Court and moved to dismiss Plaintiff's complaint. (Doc. Nos. 1, 3). Plaintiff responded and, after Defendants replied, filed a surreply. (Doc. Nos. 7, 9). Defendants moved to strike Plaintiff's surreply in part because it contains citations to non-existent caselaw. (Doc. No. 12). Defendants contend that Plaintiff's citation "errors" are Artificial Intelligence ("AI") hallucinations and violate this Court's Standing Order Regarding Use of Artificial Intelligence. (Doc. No. 13).

    The Court's Standing Order states:

> [b]riefs and memoranda prepared using [AI] platforms ( e.g. ChatGPT) have increased the Court's concern regarding the reliability and accuracy of filings. In

1

particular, the Court is concerned regarding whether factual and legal citations or references in court filings have been properly vetted by counsel or the pro se parties filing the documents. There have been several reports around the country regarding courts receiving briefs containing fictitious case cites and unsupported arguments that have been generated by AI sources. This order is intended to mitigate these concerns with the following requirements.

All attorneys and pro se filers must file a certification with any brief or memorandum submitted to the Court that states the following;

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Here, Plaintiff did not provide the required certification. That makes sense, given that the overwhelming majority of Plaintiff's case citations are fake and likely AI-generated. Between Plaintiff's response and her surreply, the Court counts no less than twelve wholly fraudulent case citations. In her response, Plaintiff cites the following non-existent cases:

1. First Union Nat'l Bank v. Briley, 361 N.C. 148 (2006)
2. JLM Indus., Inc. v. St. Paul Fire & Marine Ins. Co., 944 F.3d 649 (4th Cir. 2019)
3. Wheeler v. Wheeler, 231 N.C. App. 529 (2014)
4. Commc'ns v. Hillsborough Holdings, LLC, 200 N.C. App. 648 (2009)
5. Horton v. Randolph, 335 N.C. 50 (1993)

2

6. <u>Hercules Inc. v. LeBlanc</u>, 199 N.C. App. 371 (2009)
7. <u>Boyce v. Soundview Assocs.</u>, 98 N.C. App. 700 (1990)
8. <u>Smith v. Brown</u>, 312 N.C. 123 (1984)
9. <u>In re Horizon Bank</u>, 738 F.3d 631 (4th Cir. 2013)
10. <u>Lindner v. Countrywide Hom Loans, Inc.</u>, 447 F. Supp. 2d 999 (D. Minn. 2006)

(Doc. No. 7). In her reply, Plaintiff cites two more fake cases (<u>Eaton v. Am. Bankers Life Assurance Co.</u>, 2020 U.S. Dist. LEXIS 150102 (W.D.N.C.), and <u>Cox v. Chase Bank, N.A.</u>, 2015 WL 13654749) and cites a real case for a proposition that the case does not support (<u>Marash v. Morrill</u>, 496 F.2d 1138 (2d Cir. 1974)). (Doc. Nos. 7, 9).

Plaintiff's AI generated pleading violates this Court's standing order and attempts to mislead the Court. The Court understands that Plaintiff is proceeding pro se, but that does not allow her to flaunt the Court's rules and haphazardly file pleadings without completing any due diligence. Even a cursory Google search would reveal that these cases do not exist. Furthermore, AI's limitations at this point are well-documented, and its proclivity for hallucinating case citations is broadly known. A pro se litigant doing the minimum due diligence would discover that fact.

The Court has been extremely lenient on pro se plaintiffs filing AI-generated pleadings in this Court and has generally allowed pro se parties to get away with it. But the Court will no longer permit pro se plaintiffs to abuse the Court's leniency and trust by submitting unverified, AI-generated pleadings that waste the Court's time and resources and mislead the Court.[1]

---

[1] The Court notes that this is not Plaintiff's first warning with respect to these issues. *See* 3:25-cv-832, Doc. No. 10. Further, at least one other case reflects similar problems. *See* 3:25-cv-1008, Doc. No. 5. Plaintiff is forewarned that if she continues to file documents without the required AI certification or with AI hallucinations, then the Court may, without further warning, order that documents lacking in AI certification be returned to her without filing. Also, documents containing AI hallucinations (notwithstanding a certification) may be summarily stricken and not considered.

AI can be a powerful tool for pro se plaintiffs. However, the Court cannot blindly ignore its risks, including the increased likelihood of factual and legal hallucinations.[2]

**IT IS, THEREFORE, ORDERED** that Plaintiff must show cause as to why her complaint should not be dismissed with prejudice for failing to comply with this Court's Standing Order Regarding Use of Artificial Intelligence. Within 21 days of this Court's Order, Plaintiff shall (1) file a brief with the Court explaining her fraudulent case citations, (2) file a motion to amend her non-compliant pleadings, and (3) certify to the Court—in each motion or brief filed—that she has and will comply with this Court's Standing Order Regarding Use of Artificial Intelligence. Failure to do so will result in the dismissal of Plaintiff's complaint with prejudice.

Signed: February 24, 2026

Kenneth D. Bell
United States District Judge

---

[2] Pro se parties should also be aware that their "conversations" with AI tools such as ChatGPT are not privileged and may be subject to discovery.

4