# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-01015-KDB-WCM

**EBONY SHERISSE LUCAS,**

    **Plaintiff,**

    **v.**

**WELLS FARGO BANK, N.A.;
CHARLES W. SCHARF AND
ELLEN R. PATTERSON,**

    **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 3) and Motion to Strike Memorandum in Opposition to Motion (Doc. No. 12) and Plaintiff's Motion to Amend Non-Complaint Pleadings (Doc. No. 15). The Court has carefully considered these motions, the relevant pleading and the parties' briefs and other filings. For the reasons discussed below, the Court will **GRANT** the motion to dismiss and deny the remaining motions as moot.

## I.    LEGAL STANDARD

Defendants primarily[1] move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

---

[1] The individual Defendants, who are residents of New York, have also moved to dismiss Plaintiff's claims against them based on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). While the Court's jurisdiction over these Defendants is, at best, very doubtful, because the Complaint fails to sufficiently allege facts that either of them was personally involved in the bank's conduct related to Plaintiff, the Court need not reach this alternate argument.

Case 3:25-cv-01015-KDB-WCM   Document 20   Filed 04/09/26   Page 1 of 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). In sum, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Further, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). In addition, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*,

2

556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff is a former and possibly current banking customer of Defendant Wells Fargo Bank, N.A. In this action she asserts numerous claims arising out of that banking relationship, including "overcharged interest," "misapplied fees," "token $5 corrections," "unauthorized electronic transfer" and "unauthorized withdrawals from minor savings account." Doc. No. 1-1 at 4.A-D.  In her proposed "amendment" to her Complaint (contained in a brief), she lists Breach of Contract, Unjust Enrichment, Negligent/Willful Misconduct, Invasion of Privacy, Conversion, UDTPA Violation, Truth in Savings Act, Electronic Fund Transfer Act and Gramm-Leach-Bliley Act as the causes of action she wants to pursue. Doc. No. 15. She seeks $100,000 in damages. Doc. No. 1-1.

However, both Plaintiff's initial and proposed amended pleadings lack any factual allegations to support her claims. That is, just to cite a few deficiencies, Plaintiff does not allege the nature of her financial accounts, how much interest she is entitled to receive, how much she was paid instead, what fees she was charged and why they are not applicable. As to the individual Defendants, the bank's CEO and General Counsel, Plaintiff has not made any allegations as to how they were involved with Plaintiff's accounts. In response, Defendants moved to dismiss her claims.

The motions have been fully briefed and are ripe for the Court's decision.

## III.  DISCUSSION

As noted above, the requirement that pro se complaints be liberally construed does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a valid

3

claim. *See Weller*, 901 F.2d at 390-91. The Court will not belabor the analysis here. Simply put, Plaintiff has not alleged facts which support a plausible claim against Defendants, even giving full consideration to all her filings and her proposed "amendment." Rather, she (or perhaps more accurately the AI program that she admits has assisted her) has merely recited a list of potential claims that a banking customer might have against a bank, without real factual support. Therefore, the Motion to Dismiss will be granted.

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 3) is **GRANTED;**

2. Defendants' Motion to Strike Memorandum in Opposition to Motion (Doc. No. 12) and Plaintiff's Motion to Amend Non-Complaint Pleadings (Doc. No. 15) are **DENIED** as moot; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 9, 2026

Kenneth D. Bell
United States District Judge