# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-01015-KDB-WCM

EBONY SHERISSE LUCAS,

    **Plaintiff,**

    **v.**

WELLS FARGO BANK, N.A., ET
AL.,

    **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

**THIS MATTER** is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 23) and Motion for Recusal (Doc. No. 24). The Court has carefully considered these motions, including Plaintiff's briefs and supporting submissions. For the reasons discussed below, the Court will **DENY** the motions.

## I.    Motion to Alter or Amend Judgment

On April 15, 2026, four business days after the Court granted Defendants' Motion to Dismiss, Plaintiff filed the pending Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), arguing that the Court should reinstate the case, order full discovery, and take other actions that overturn the judgment of dismissal. *See* Doc. No. 23.

A Rule 59(e) motion is discretionary. It need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 59(e) motions may not be used to relitigate old issues, or to raise arguments or present evidence that could have been raised prior

1

to judgment. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Simple disagreement with a Court's rulings does not support a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Plaintiff argues that the Court made a clear error in stating that Plaintiff had failed to identify the financial accounts in dispute and that manifest injustice will occur if her claims are not entitled to proceed. *See* Doc. No. 23-1. The Court disagrees. First, the Court did not say that Plaintiff had failed to identify the relevant account numbers. Rather, the Court, in noting the lack of factual allegations supporting her claims, said, in part, "just to cite a few deficiencies, Plaintiff does not allege the *nature* of her financial accounts, how much interest she is entitled to receive, how much she was paid instead, what fees she was charged and why they are not applicable." Doc. No. 20 at 3 (emphasis added). Therefore, there was no clear error in the Court's ruling. Second, for the reasons stated in the Court's April 9 Order, there is no manifest injustice in dismissing this action.

Accordingly, Plaintiff's Rule 59(e) motion will be denied.

## II.     Motion for Recusal

Plaintiff's second pending motion seeks "the immediate recusal of the Honorable Kenneth D. Bell" from this and other actions pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Together with her motion, Plaintiff filed an Affidavit of Bias and Prejudice in Support of Recusal under 28 U.S.C. § 144. Doc. No. 24-1. Section 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

To serve as a basis for recusal under § 144, affidavits must be both "timely and sufficient." *Sine v. Loc. No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914–15 (4th Cir. 1989). To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case. *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir.1984). Further, a judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged. *Sine*, 882 F.2d at 914. In doing so, it is equally his duty, however, to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient. *Id.*

The Court finds that Plaintiff's Section 144 affidavit is legally insufficient. It does not allege that the challenged judge has a personal bias unrelated to his experience with this case. Indeed, the affidavit does not allege that the judge has any connection to the Parties or claims that might establish personal bias other than through his rulings. Therefore, the Court must deny the Motion for Recusal based on 28 U.S.C. § 144.

Similarly, under 28 U.S.C. § 455, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Tallant v. Tallant*, No. 520CV00129KDBDCK, 2020 WL 6813227, at *3 (W.D.N.C. Oct. 14, 2020), citing *Nicholas v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Section 455(a) provides that disqualification is necessary "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge "shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Section 455 does not demand recusal because of "unsupported, irrational, or highly tenuous speculation" because that would result in litigants "exercise[ing] a negative veto over the assignment of judges." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). The standard for disqualification under section 455 is "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). As the Supreme Court has explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky*, 510 U.S. at 555)).

Plaintiff has not alleged any grounds for recusal beyond her dissatisfaction with the Court's rulings. Again, Plaintiff does not, and cannot, point to any extrajudicial source of disqualifying bias and prejudice, nor can she point to any evidence that this Court has "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, Plaintiff has not shown that a reasonable person, with full knowledge of all the circumstances, would harbor doubts about this Court's impartiality. *Tallant*, 2020 WL 6813227, at *3, citing

4

*United States v. Allen*, 587 F.3d 246, 252-53 (5th Cir. 2009). Accordingly, Plaintiff's motion for recusal will be denied.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 23) is **DENIED;**

2.  Plaintiff's Motion for Recusal (Doc. No. 24) is **DENIED**; and

3.  The Clerk is directed to maintain this matter as closed (subject to Plaintiff's appeal) in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 30, 2026

Kenneth D. Bell
United States District Judge

5